IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RYRECIUS JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:20-CV-1011-KFP |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ryrecius Johnson, seeks judicial review of the Social Security Administration's decision denying his application for Disability Insurance Benefits. Based on review and consideration of the record, briefs, applicable regulations, and caselaw, this matter is REVERSED and REMANDED to the Commissioner for further consideration.

I.  **STANDARD OF REVIEW**

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla but less than a preponderance. *Martin*

---

[1] Kilolo Kijakazi is now the Acting Commission of Social Security and is automatically substituted as a party under Rule 25(d) of the Federal Rules of Civil Procedure. *See also* 42 U.S.C. § 405(g) (providing that an action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

*v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner and, even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision is supported by substantial evidence. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.   FACTUAL BACKGROUND

Plaintiff was 45 years old when the Administrative Law Judge ("ALJ") rendered a decision finding Plaintiff not disabled. R. 21–37. Plaintiff previously worked as a personnel specialist, a customer service representative, a custodian, a factory worker, and a landscaper. Doc. 14 at 2. Plaintiff claims he was disabled as of January 16, 2019. R. 24, 37. He filed for disability on April 25, 2019.[2] R. 24.

On June 19, 2020, Plaintiff's initial application was denied. R. 24. Plaintiff requested a hearing before an ALJ. R. 24, 147. The ALJ held a hearing on April 30, 2020 (R. 46–71), and issued a decision on May 13, 2020, finding Plaintiff not disabled. R. 24–37. Plaintiff sought review. R. 1. While review was pending, Plaintiff presented new evidence to the Appeals Council. R. 2. The Appeals Council declined to review the ALJ's decision on November 6, 2020, making the Commissioner's final decision ripe for judicial review. R. 1–3; *see* 42 U.S.C. § 405(g).

---

[2] Plaintiff alleged disability due to depression, anxiety, PTSD, hearing loss, migraines, numbness, memory loss, loss of balance, and complications resulting from a gunshot wound. R. 120.

## III.     THE ALJ'S DECISION

The ALJ concluded that Plaintiff has severe impairments of "depressive disorder/major depressive disorder with psychiatric features, anxiety, post-traumatic stress disorder (PTSD), memory loss, marijuana use disorder, history of gunshot wound to the head, . . . temporal bone fracture and traumatic brain injury, peripheral neuropathy, migraine headaches/headaches[,] and left sensorineural hearing loss/tinnitus" but that he does not meet the applicable Listing of Impairments in 20 C.F.R § 404, Subpart P, Appendix 1.[3] R. 26–28. The ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform light work[4] with certain limitations.[5] R. 29–30. The ALJ also determined that Plaintiff had no relevant past work experience. R. 35. Considering Plaintiff's age, education, lack of work experience, and RFC, the ALJ found there were other jobs in the national economy that he could perform, such as an office helper, marker, inspector, or label maker. R. 36. Accordingly, the ALJ found that Plaintiff had not been under a disability from his alleged onset date of January 16, 2019, through the date of the ALJ's decision on November 6, 2020. R. 37.

---

[3] Specifically, the ALJ found that Plaintiff did not meet the listing requirements for §§ 2.07, 2.10, 2.11, 11.14, 11.18, 12.02, 12.03, 12.04, 12.06, or 12.15.
[4] 20 C.F.R. § 416.967(b) states that "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds[.]"
[5] In addition to several physical limitations, the ALJ limited Plaintiff to simple instructions, tasks, and decisions. R. 29–30.

### IV. DISCUSSION

Plaintiff's brief delineates two issues for review: (1) new evidence warrants remand and (2) the ALJ erred in evaluating the listing. The Court agrees that new evidence warrants remand.

#### A. The Court considers whether new evidence warrants remand under sentence four of 42 U.S.C. § 405(g).

An appellate court may only consider evidence in the record. *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985). However, "[w]ith a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.900(b)). The two methods for remand under 42 U.S.C. § 405(g) are "sentence four remands" and "sentence six remands." *Id.*

A court looks to sentence four when a plaintiff presents new evidence to the Appeals Council. *Ingram*, 496 F.3d at 1269. Under sentence four, the district court must "consider whether that new evidence renders the denial of benefits erroneous." *Id.* In other words, the plaintiff "must show, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence[.]" *Timmons v. Comm'r of Soc. Sec.*, 552 F. App'x 897, 902 (11th Cir. 2013) (citing *Ingram*, 496 F.3d at 1266–67). If the plaintiff can do so, a district court may remand. *Id.* at 902 n.4 (citing 32 U.S.C. § 405(g)). In contrast, sentence six applies when a plaintiff presents evidence for the first time to the district court. *Id.* at 902 (citing *Ingram*, 496 F.3d at 1267–68). A district court may remand under sentence six upon a showing that the new evidence is material and

there was good cause for the plaintiff's failure to include the evidence in prior proceedings. *Ingram*, 496 F.3d at 1261.

On July 3, 2020, while Plaintiff's appeal was pending before the Appeals Council, Plaintiff submitted new evidence. R. 6, 8–15. Thus, the Court must look to sentence four to determine whether the new evidence "renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1269.

### B. The Appeals Council's decision is not supported by substantial evidence.

The Appeals Council must consider evidence if a plaintiff shows it is new, material, chronologically relevant, and that he has good cause for not presenting the evidence sooner. 20 C.F.R. § 416.1470(a)(5), (b); *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (citing *Ingram*, 496 F.3d at 1261). Evidence is material if there is a reasonable probability that it would change the administrative results, *see Washington*, 806 F.3d at 1322 (citation omitted), and is chronologically relevant if "it relates to the period on or before the date of the [ALJ] hearing decision." *See* 20 C.F.R. § 416.1470. The Appeals Council is not obligated "to provide a detailed discussion of a claimant's new evidence when denying a request for review." *Mitchell v. Comm'r of Soc. Sec. Admin.*, 771 F.3d 780, 783 (11th Cir. 2014).

Here, the Appeals Council declined review only on the basis of materiality, concluding that the new evidence "does not show a reasonable probability that it would change the outcome of the decision." R. 2. Plaintiff disagrees, arguing that the new

evidence "would likely change the ALJ's decision, if accepted."[6] Doc. 14 at 9. Thus, the Court must determine whether substantial evidence supports the Appeals Council's finding that the new evidence is immaterial.[7]

The new evidence consists of a mental impairment questionnaire and psychological evaluation performed by Dr. Roberty Storjohann and progress notes from Ms. Kathie Roper-Ericson. R. 2. On June 15, 2020, Plaintiff underwent a psychological evaluation with Dr. Storjohann. R. 11. In a questionnaire, Dr. Storjohann indicated that he "disagree[s] with Dr. Schuster's opinion[8] and find[s] the patient more limited," stating that Plaintiff "has marked deficits in all areas[.]" R. 9. Additionally, the prognosis section of the evaluation states that "[Plaintiff] has marked deficits in his ability to understand, carry out, and remember instructions[,] . . . respond appropriately to supervision, coworkers, and work pressures[,] . . . concentrate and maintain pace in a work setting[,] . . . [and] adapt to

---

[6] The Commissioner asserts that in making this argument, Plaintiff erroneously references a sentence six requirement. Doc. 15 at 5. The Commissioner argues that the correct inquiry is not whether new evidence may change the ALJ's mind but whether it "renders the denial of benefits erroneous." Doc. 15 at 5. It is true that the Court's analysis focuses on whether the Appeals Council erroneously denied review. *Ingram*, 496 F.3d at 1269. However, this analysis requires that the Court determine whether substantial evidence supports the Appeals Council's determination that the evidence was cumulative, immaterial, or chronologically irrelevant. *See Timmons*, 522 F. App'x at 904.

[7] In his reply brief, Plaintiff argues that sentence four does not require good cause. Doc. 14 at 2. Sentence four does not, in fact, explicitly impose a good cause requirement. 42 U.S.C. § 405(g). However, under the new regulations governing this case, a plaintiff must show good cause before the Appeals Council can consider new evidence. *See* 20 C.F.R. § 416.1470(a)(5), (b); *Jenkins v. Soc. Sec. Admin.*, No. 4:20-CV-995-LSC, 2022 WL 303305, at *1, *10 (N.D. Ala. Feb. 1, 2022). Regardless, good cause is not at issue here. In presenting the new evidence, Plaintiff provided valid explanations for his failure to present the evidence sooner. R. 8, 10, 42. The Appeals Council denied review due to immateriality, not failure to show good cause (R. 2), and the Commissioner's brief omits any argument relating to good cause.

[8] Dr. Schuster evaluated Plaintiff on June 15, 2019. R. 410. He found frequent limitations in most areas of understanding, concentration, social interactions, and adaptation. R. 411. The ALJ explained that the opinion was not persuasive because Plaintiff "maintains alert and intact cognition, normal perception, appropriate appearance, cooperative behavior, normal speech and euthymic mood[.]" R. 34.

changes in a work setting[.]" R. 14–15. Plaintiff argues that these records could change the ALJ's determination that Plaintiff does not meet the listings. R. 28. The Court agrees.

In determining whether Plaintiff met the listings for mental impairments, including §§ 12.02, 12.03, 12.04, 12.06, or 12.15, the ALJ evaluated whether Plaintiff met the "paragraph B" criteria for mental impairments. R. 28. The ALJ explained that "[t]o satisfy the 'paragraph B' criteria, the mental impairments must result in one extreme limitation or two marked limitations[.]" R. 28. Upon reviewing the record, the ALJ determined that Plaintiff had only moderate limitations in "understanding, remembering, or applying information[,] . . . interacting with others[,] . . . concentrating, persisting or maintaining pace[,] . . . and for adapting and managing oneself[.]" R. 28–29. He concluded that "[b]ecause the claimant's mental impairments do not cause at least two 'marked' limitations or one 'extreme' limitation, the 'paragraph B' criteria are not satisfied," and Plaintiff did not meet the listing requirements. R. 29. The ALJ's conclusion that Plaintiff did not meet the listing hinged on the finding that he lacked an extreme limitation or at least two marked limitations. The new evidence states just the opposite. The questionnaire and evaluation directly contradict the ALJ's conclusion by alleging Plaintiff has marked deficits in not just two areas, but "all areas." R. 9. Thus, there is a reasonable probability that the evidence could change the ALJ's decision.

In his response, the Commissioner argues that the questionnaire and evaluation do not have a reasonable probability of changing the outcome because Dr. Storjohann's

7

opinion is inconsistent with other evidence and not well supported.[9] Doc. 15 at 6–7. He cites treatment records that conflict with Dr. Storjohann's opinion to show that even considering this evidence, the ALJ's decision would remain unchanged. Doc. 15 at 7. The Commissioner's argument would ask the Court to weigh the evidence—an analysis that the Court cannot undertake.[10] *Winschel*, 631 F.3d at 1178; *Bloodsworth*, 703 F.2d at 1239. Instead, the Court must focus on whether Dr. Storjohann's opinion could reasonably change the ALJ's decision. Because the Court concludes that it could,[11] the Appeals Council's denial due to immateriality is erroneous. As such, the Court remands for consideration of the new evidence.

## V.  CONCLUSION

For the reasons set forth above, it is ORDERED as follows:

1.  This matter is REVERSED and REMANDED to the Commissioner for additional proceedings consistent with this opinion.

2.  A final judgment will be entered separately.

---

[9] The Commissioner also briefly argues that the evidence is cumulative because the subjective complaints recorded by Dr. Storjohann were similar to complaints already in the record. Doc. 15 at 8. However, the questionnaire and evaluation largely consist of Dr. Storjohann's conclusions regarding Plaintiff's deficits. These conclusions are not contained elsewhere in the record. Therefore, the evidence is new and not cumulative.

[10] The Court recognizes that the new evidence may not ultimately change the ALJ's decision. However, the Court's analysis must focus on whether the Appeals Council correctly refused to consider new evidence. As written, the ALJ's determination that Plaintiff does not meet the listing could change based on Dr. Storjohann's opinions; therefore, the evidence is material.

[11] Because the new evidence warrants remand, it is unnecessary for the Court to address Plaintiff's remaining arguments. See *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960 (11th Cir. 2015) (unpublished) (recognizing that there is no need to analyze other issues when case must be reversed due to other dispositive errors).

DONE this 23rd day of June, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE